UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACOBIE WASHINGTON,

    Petitioner,

v.                                                           Case No. 8:13-CV-2294-T-30EAJ

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

Before the Court are Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Dkt. 1) and "Motion to Request Leave to Stay Petition to Amend or Exhaust Claim in State Court" (Dkt. 9), and Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus for Untimeliness and Memorandum of Law (Dkt. 6). In his petition, Petitioner challenges his convictions and sentences for robbery and aggravated assault, entered in 2005 by the Sixth Judicial Circuit, Pinellas County, Florida. Petitioner also seeks to amend his petition by submitting additional claims. Respondent moves to dismiss the habeas petition as untimely. Upon consideration, Petitioner's habeas petition must be dismissed as time barred.

PROCEDURAL HISTORY

The State of Florida charged Petitioner with one count of robbery and three counts of aggravated assault in Case No. CRC04-05496CFANO. He was also charged with two counts

of robbery and two counts of aggravated assault in Case No. CRC04-06817CFANO. Petitioner entered a guilty plea to all charges and was sentenced on January 19, 2005. On each robbery count, Petitioner was sentenced to twenty-five years in prison; on each aggravated assault count, he received a sentence of five years in prison.

Petitioner did not file a direct appeal. On August 23, 2006, he filed a petition for belated appeal in the state appellate court, which directed the state trial court to take testimony and make findings and recommendations on the petition. After conducting a hearing, the trial court recommended that the petition for belated appeal be denied. The appellate court denied Petitioner a belated appeal on February 2, 2007.

Petitioner next filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 on February 17, 2007. The trial court summarily denied his motion in an order filed August 17, 2007. The appellate court affirmed this order on August 15, 2008. *Washington v. State*, 3 So.3d 331 (Fla. 2d DCA 2008) (table).

Petitioner filed a pleading entitled Petition for Supplemental Motion for Postconviction Relief on February 5, 2009; in an order filed on February 23, 2009, the trial court struck this motion. On March 23, 2009, Petitioner filed a Motion Requesting Leave of Court to Supplement Post Conviction Relief and Notice of Return, and an Amended Supplemental Motion for Post Conviction Relief, which were rejected in an order filed April 1, 2009. This order was affirmed on appeal on May 7, 2010. *Washington v. State*, 36 So.3d 102 (Fla. 2d DCA 2010) (table).

Petitioner then filed a Motion to Accept Defendant's Motion to Withdraw Plea as Timely Filed on October 8, 2010. He filed this request along with a Motion to Withdraw Plea under Florida Rule of Criminal Procedure 3.170 that indicated it was signed on February 6, 2005, but provided to prison officials for mailing on October 8, 2010. Petitioner argued that the Rule 3.170 motion to withdraw plea was timely because he signed and dated it on February 6, 2005, and gave it to prison officials for mailing at that time. Citing *Haag v. State*, 591 So.2d 614 (Fla. 1992), he asserted that the motion was timely under the mailbox rule, which provides that *pro se* prisoners' motions are deemed filed when they are given to prison officials for mailing. In an order filed October 29, 2010, the trial court denied Petitioner's request, finding that a motion to withdraw plea had not been timely filed. This order was affirmed on October 7, 2011. *Washington v. State*, 88 So.3d 165 (Fla. 2d DCA 2011) (table).

Finally, Petitioner filed a motion correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a) on April 5, 2012. His motion was denied in an order filed April 26, 2012. The appellate court affirmed this order on January 30, 2013. *Washington v. State*, 107 So.3d 417 (Fla. 2d DCA 2013) (table).

TIMELINESS OF HABEAS PETITION

Section 2244(d)(1)(A) provides a one-year statute of limitations for filing a habeas petition seeking relief from a state court judgment under 28 U.S.C. § 2254. This one-year period begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C.

2244(d)(1)(A).  The statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending ...." 28 U.S.C. 2244(d)(2).

The petition is untimely. Petitioner's judgments were entered on January 19, 2005. Because he did not file a direct appeal, they became final on February 18, 2005, at the expiration of the thirty-day period to file a direct appeal.  *See Booth v. State*, 14 So.3d 291, 292 (Fla. 1st DCA 2009); *Gust v. State*, 535 So.2d 642, 643 (Fla. 1st DCA 1988).  Therefore, Petitioner was required to file his federal habeas petition on or before February 18, 2006. Petitioner never tolled the time to file his habeas petition because he did not file any postconviction motions in the state trial court prior to February 18, 2006.  Additionally, even assuming that his petition for belated appeal, filed in the state appellate court, could toll this one-year period, it was not filed until August 23, 2006, more than one year after the judgments became final.  Accordingly, because Petitioner failed to file this habeas petition on or before February 18, 2006, it is untimely.

Petitioner asserts that his petition cannot be rejected as time-barred because he timely filed a motion to withdraw plea in the state trial court on February 6, 2005.[1]  He maintains that this motion remained pending until November 18, 2011,[2] when the appellate court affirmed the trial court's order denying his request to consider it as timely filed.  Petitioner

---

[1] A motion to withdraw plea after sentencing must be filed within thirty days of the date a sentence is imposed.  Fla. R. Crim. P. 3.170(l).

[2] The appellate court's mandate was issued on November 17, 2011.  (Resp. Ex. 6, Mandate.)

argues that the one-year window to file his habeas petition was thus tolled for the entirety of this time period and that the statute of limitations to file his habeas petition began to run on November 18, 2011. Taking into account the time during which his Rule 3.800(a) motion to correct illegal sentence was pending in state court, Petitioner calculates that less than one year of un-tolled time passed between November 18, 2011, and August 30, 2013, when he filed his habeas petition.

This argument does not change the Court's conclusion that the petition is untimely. As the trial court determined in denying Petitioner's request that his motion to withdraw plea be considered timely, the record supports a finding that Petitioner never timely filed a motion to withdraw plea in the trial court. Petitioner sent a letter to the Clerk of the Circuit Court that was filed on January 28, 2005, indicating that he intended to withdraw his plea and would "follow up on this when [he] can get into a law library."[3] (Resp. Ex. 6, Order Denying Defendant's "Motion to Accept Defendant's Motion to Withdraw Plea as Timely Filed," p. 2, and attached Exhibit 5, Letter.) The trial court noted that it could not take action on Petitioner's letter directed to the Clerk. (Id., p. 2.) Moreover, the trial court's docket did not reflect that any timely motion to withdraw plea was subsequently filed. (Id., p. 2, and attached Exhibit 3, Pinellas County Criminal Justice Information System; Case Progress Docket.)

---

[3] Petitioner does not assert that this letter to the Clerk of the Circuit Court was actually a motion to withdraw his plea.

The trial court's order also explained that Petitioner filed a notice of inquiry about the motion to withdraw plea on September 3, 2010, and that the trial court entered an order on September 27, 2010, in which it found that the motion to withdraw plea was never properly before the court and noted that even if it had been timely filed, it would have been stricken. (Id., p. 1, and attached Exhibit 2, September 27, 2010, Order.)

Additionally, while the motion to withdraw plea that Petitioner submitted indicates that it was signed by him on February 6, 2005, its date stamp reflects that it was not provided to prison officials for mailing until October 8, 2010. (Id., p. 2; Resp. Ex. 6., Motion to Withdraw Plea.) Moreover, Petitioner testified during the hearing on his petition for belated appeal that he did not file a motion to withdraw plea:

> [STATE]: Did you actually file a motion to withdraw your plea?
>
> [PETITIONER]: A what?
>
> [STATE]: Did you file a motion to withdraw your change of plea?
>
> [PETITIONER]: No, ma'am.
>
> [STATE]: You didn't?
>
> [PETITIONER]: I just wrote to the Clerk of Courts because I knew I had to do something before 30 days. I had to do something.
>
> [STATE]: Your plea wasn't withdrawn?
>
> [PETITIONER]: No, not at all.

(Resp. Ex. 6, Order Denying Defendant's "Motion to Accept Defendant's Motion to Withdraw Plea as Timely Filed," p. 2., and attached Exhibit 4, January 7, 2007 Motion for Belated Appeal Transcript, p. 10.) Petitioner's testimony undermines his current claim.

The record supports the conclusion that Petitioner did not timely file a motion to withdraw his plea.[4] Therefore, Petitioner did not submit any motion that tolled the federal habeas statute of limitations. Furthermore, the petition cannot be considered on equitable tolling grounds. "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner presents no argument that his petition should be considered under the doctrine of equitable tolling and the Court finds no basis to do so. Accordingly, this habeas petition must be dismissed as time barred.

## PETITIONER'S REQUEST TO SUBMIT ADDITIONAL CLAIMS

Petitioner also seeks to submit additional claims of ineffective assistance of counsel to his petition in his "Motion to Request Leave to Stay Petition to Amend or Exhaust Claim in State Court." A petitioner must exhaust his claims in state court before presenting them in a § 2254 habeas petition. 28 U.S.C. § 2254(b). Here, Petitioner acknowledges that he would be required to exhaust his additional claims at the state court level, but that such claims would be procedurally barred in state court "due to Fla.Crim.P. 3.850(b)(3)." (Dkt.

---

[4] It is also noted that Petitioner's Rule 3.850 motion claimed that counsel was ineffective for failing to file a timely motion to withdraw plea. This claim made no mention of the motion to withdraw plea that Petitioner asserts he filed himself on February 6, 2005. (See Resp. Ex. 4, Motion to Vacate Judgment and Sentence, pp. 7-11.)

9, p. 1.) It appears that Petitioner therefore asks Court to find that it is unnecessary for him to attempt to exhaust claims that would be rejected as procedurally barred in state court, and to instead permit him to add these arguments to his habeas petition.

This request is denied. Because the petition itself is untimely, any additional claims would also be untimely. Additionally, Petitioner does not specifically state which claims he seeks to add, or why he did not raise them earlier. It appears that these claims assert relief under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). Petitioner cites no authority providing that *Martinez* would apply retroactively to his judgments, which became final in 2005. Moreover, *Martinez* does not equitably toll or otherwise alter the statute of limitations to bring a federal habeas petition. *Chavez v. Sec'y, Fla. Dep't of Corr.*, 742 F.3d 940, 945-46 (11th Cir. 2014); *Arthur v. Thomas*, 739 F.3d 611, 630-31 (11th Cir. 2014).

Accordingly, it is ORDERED AND ADJUDGED that

1. Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus for Untimeliness (Dkt. 6) is GRANTED.

2. Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1) is DISMISSED.

3. Petitioner's "Motion to Request Leave to Stay Petition to Amend or Exhaust Claim in State Court" (Dkt. 9) is DENIED.

4. The Clerk is directed to terminate any pending motions and close this case.

CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

It is further ordered that Petitioner is not entitled to a certificate of appealability. A petitioner does not have absolute entitlement to appeal a district court's denial of his habeas petition. 28 U.S.C. § 2253(c)(1). A district court must first issue a certificate of appealability (COA). *Id*. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made this showing. Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on April 23, 2014.

*[signature: James S. Moody, Jr.]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

ML:sa